# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE CARLSON, ) | |
| ) | |
| Plaintiff, ) | No. 17 cv 2382 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations for the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christine Carlson ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits under the Social Security Act. For the reasons below, the Court remands this matter for further proceedings consistent with this Memorandum Opinion and Order. Plaintiff's Motion for Summary Judgment [dkt. 12] is granted.

## I. Background

### a. Procedural History

Plaintiff filed an application for disability benefits on December 7, 2012.[1] [Administrative Record ("R") 264-65.] Plaintiff claimed an alleged onset date of disability as of June 1, 2011. [R 264.] Plaintiff's claims were denied initially and again at the reconsideration stage, after which Plaintiff requested an administrative hearing, which was held August 24, 2015 before Administrative Law Judge ("ALJ") Patricia Wirkowski Supergan [R 37-80.] Plaintiff was represented by counsel, and both a Medical Expert and a Vocational Expert testified during the hearing. *Id.* On September 14, 2015, the ALJ issued a written decision denying Plaintiff disability benefits. [R 16-28.] On January

---

[1] The Record makes mention that Plaintiff had a prior application for disability that was denied by an ALJ on January 1, 2010. [R 144.] It does not appear that either the prior application or ALJ opinion is in the file, but the transcript from the prior administrative hearing, held on December 22, 2009, appears in the Record. [R 83-140.]

23, 2017, the Appeals Council denied Plaintiff's appeal, and the ALJ's decision became the final decision of the Commissioner. [R 1-6.] Plaintiff filed the instant action on March 29, 2017. [dkt 1.]

    b.    **Plaintiff's Background**

Plaintiff was born May 4, 1964, and was 47 years old on her alleged disability onset date. [R 27.] Plaintiff suffers from both mental and physical limitations. Plaintiff suffers from severe degenerative joint disease in both knees, obesity, and bipolar disorder. [R 18.] Plaintiff has also received treatment for hypertension and sporadic sinus headaches. *Id.* In April 2014, about a year and a half after her date last insured, Plaintiff underwent bilateral knee replacement. [R 1012-13.]

    c.    **The ALJ's Decision**

On September 14, 2015, the ALJ issued a written decision denying Plaintiff disability benefits. [R 16-28.] At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since her alleged onset date of June 1, 2011 through her date last insured ("DLI") of December 31, 2012. [R 18.] At step two, the ALJ found that Plaintiff had the severe impairments of obesity, bipolar disorder, and degenerative joint disease of the bilateral knees. [*Id.*] The ALJ found Plaintiff's hypertension and headaches to be nonsevere impairments. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R 18-20.]

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform sedentary work as defined in 20 CFR 404.1567(a), except she can occasionally climb ramps and stairs but never ladders, ropes or scaffolds; she can occasionally balance and stoop, but never kneel, crouch and crawl; she can tolerate no exposure to and [not] work around hazards such as moving machinery or unprotected heights; she can perform simple routine tasks requiring no

---

[2]   RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

more than short simple instructions and simple work related decision making with few work place changes. [R 21.] In making this RFC determination, the ALJ analyzed Plaintiff's medical record and discussed the weight she gave the opinions therein. [R 21-26.]

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as an accounting clerk or customer service representative because the exertional and non- exertional limitations exceed Plaintiff's sedentary RFC. [R 26.] At step five, the ALJ found there were jobs that existed in significant numbers in the national economy Plaintiff could perform. Specifically, the ALJ relied upon Vocational Expert testimony that Plaintiff could perform the occupations of address clerk, account clerk, or bench sorter. [R 27.] Because of this determination, the ALJ found Plaintiff not disabled under the Act. [R 28.]

## II. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing her past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id.* At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating

3

which work-related activities she is capable of performing given her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

### III. Discussion

#### a. The ALJ Did Not Sufficiently Explain Her Decision to Give No Weight to Plaintiff's July 12, 2013 FCE

In this case, Ross Gavino, PT, DPT, CSCS conducted a functional capacity evaluation ("FCE") of the Plaintiff on July 12, 2013, which was seven months after Plaintiff's date last insured.[3] [R 666-69.] Ultimately, Mr. Gavino recommended that Plaintiff "be put on disability secondary to

---

[3] Both the ALJ and the Plaintiff identify this FCE as having been conducted by Dr. Ronald Vilbar, but it is clear from the face of the document that the FCE was conducted by Mr. Gavino who lists Dr. Vilbar as Plaintiff's physician. [*Compare* R 669 *with* R 666.]

4

the inability to perform prolonged act[s], like standing and walking." [4] [R 669.] On appeal Plaintiff argues, *inter alia*, that the ALJ's failure to consider this FCE constitutes reversible error.

A plaintiff generally has the burden to prove their disability, and must establish that his/her impairment(s) began prior to the date last insured. *Pepper v. Colvin*, 712 F.3d 351, 355 (7th Cir. 2013) ("The critical inquiry is whether [claimant] became disabled at any time prior to…the date [claimant] was last insured."). While the best source for information about a plaintiff's condition for the period at issue is the evidence taken at that particular time, post-DLI evidence is still relevant and the ALJ must consider it. *Parker v. Astrue*, 597 F.3d 920, 925 (7th Cir.2010); *Halvorsen v. Heckler*, 743 F.2d 1221, 1226 (7th Cir. 1984); *Johnson v. Colvin*, 2016 WL 4771088, at *10 (N.D. Ill. Sept. 12, 2016); *Wieringa v. Colvin*, 2015 WL 1445487, at *6 (N.D. Ill. Mar. 26, 2015); *Wamser v. Colvin*, 2013 WL 5437352, *7-8 (N.D. Ill., September 30, 2013); *Kazmi v. Astrue*, 2012 WL 5200083, at *7-8 (N.D. Ill. Oct. 22, 2012); *Free v. Astrue*, 2011 WL 2415012, at *7-8, *10 (N.D. Ill. June 10, 2011); *Watkins v. Berryhill*, 2018 WL 747486, at *5 (S.D. Ill. Feb. 7, 2018); *Buis v. Colvin*, 2015 WL 566889, at *4 (S.D. Ind. Feb. 11, 2015).[5] Although a claimant's "condition may have worsened since [their DLI]…the Social Security regulations require a 'disability' finding before a claimant's date last insured." *Pepper*, 712 F.3d at 369. But this does not negate the maxim that post-DLI evidence must be considered by an ALJ.

However, Plaintiff is wrong that the ALJ did not consider the FCE. In fact, the ALJ considered it in one short paragraph and assigned it little weight. [R 25.] The entirety of the ALJ's treatment of the opinions within the FCE is as follows:

---

[4] The Court notes here that it was wrong of the Commissioner to argue that the recommendation within the FCE that Plaintiff be "put on disability" was not entitled to any special significance because disability is a determination reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). While true, the ALJ did not discuss this principle, and the Commissioner may not rely on evidence or explanations not used by the ALJ. *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012).

[5] These cases almost wholly seem to deal with diseases/conditions that have a specific, well-known disease progression, where post-DIL evidence might be particularly illuminating as to a claimant's prior pre-DLI condition. The Court does not opine on whether Plaintiff's knee osteoarthritis would qualify as a disease with a specific, well-known progression.

5

> Seven months after the date of last insured on July 12, 2013, the claimant underwent a functional capacity evaluation. After the examination, Ronald Vilbar M.D. recommended that the claimant be put on disability secondary to the inability to perform prolonged activities like standing and walking. I give no weight to this functional capacity examination and medical opinion. It was rendered well after the date of last insured and I find it inconsistent with the other medical evidence, clinical exams and diagnostic testing that does not support such limitations. Moreover, it refers to walking and standing but does not indicate sitting. The claimant was reduced to sedentary work.

*Id.* So, while the ALJ *did* consider the FCE, unfortunately the analysis provided by the ALJ was so perfunctory and boilerplate that it fails to inform the Court in a "meaningful, reviewable way of the specific evidence the ALJ considered" in determining the FCE was entitled to no weight. *See Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012).

While it does not appear the ALJ simply rejected the FCE out of hand because it was conducted seven months after Plaintiff's DLI, the ALJ does mention the timing of the FCE twice within the six sentences she devotes to giving it no weight.[6] Additionally, the fact the ALJ misidentified the name of the treater who conducted the FCE (*see* fn. 2, *supra*) is indicative of the short shrift the ALJ gave to the FCE. But fatally for our purposes, in giving no weight to the FCE, the ALJ did not cite to any specific medical report or opinion that contradicts the FCE; basically, the ALJ finds the FCE inconsistent with the evidence as a whole. This is impermissible.

The Seventh Circuit has repeatedly stated that an ALJ must "minimally articulate his reasons for crediting or rejecting evidence of disability." *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir.1992). Here, the ALJ did not explain why she thought the FCE lacked an objective basis, nor did she identify any evidence she felt was inconsistent with the FCE. Although the ALJ discussed some medical evidence and testimony elsewhere in her decision, she did not point to any specific evidence that she believed was inconsistent with the FCE. This does not meet the minimal articulation standard – the ALJ should have cited to specific record evidence which she believed to be

---

[6] Actually, only two of the six sentences are analytical. The other four are factual.

inconsistent with the findings in the FCE.[7] Without this basic articulation, the Court is unable to follow a logical bridge as to why the ALJ gave no weight to the FCE. "Without more help from the ALJ with respect to the basis for his decision, this Court cannot uphold it against Claimant's challenge." *Macon v. Colvin*, 2013 WL 1498991, at *7 (N.D. Ill. Apr. 10, 2013); *see also Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000) (same); *Santore v. Astrue*, 2015 WL 1917163, at *9 (N.D. Ill. Apr. 28, 2015) (ALJ properly discounted treating physician opinion by citation to specific, inconsistent medical evidence).

Finally, although the errors with the ALJ's analysis of the subject FCE articulated above are enough reason to remand on their own, the Court also points out that the last two sentences of the ALJ's FCE analysis make no sense without further explanation (and even then might be erroneous). The ALJ seems to be implying that she gave the FCE no weight because she limited the Plaintiff to sedentary work (*i.e.*, occupations that largely require sitting) and the FCE does not address any sitting limitations. However, these sentences demonstrate a poor grasp of a sedentary RFC limitation. The governing Social Security Ruling details that for a sedentary occupation, "sitting would generally total about 6 hours of an 8-hour workday." SSR 96-9p. Ergo, walking and standing would total about 2 hours of an 8-hour workday. Because the FCE *does* address Plaintiff's limitations with walking and standing, Plaintiff's argument that "[a]n RFC of sedentary is erroneous if an individual cannot stand or walk for two hours in a day" persuades the Court the ALJ should have further addressed this potential conflict between the FCE and her RFC when deciding to give the FCE no weight. [Dkt. 13, p. 9.] The Court does not reach the issue of whether the evidence (including this post-DLI FCE) supports or conflicts with the RFC, but the ALJ should have recognized and discussed this issue.

---

[7] The Court is unpersuaded by the Commissioner's argument that the "ALJ did not simply reject the [FCE], but weighed it along with the medical opinions of Drs. Bone, Aquino, and Jilhewar." [Dkt. 21, p. 6.] While the ALJ did sequentially discuss each doctor's opinion, that does not mean they were compared to each other; in fact, they were not – the ALJ separately discussed the weights and reasons therefore for each doctor's opinion in turn. [R 25.]

7

In sum, the Court does not find that a reasonable mind might accept the ALJ's explanations for disregarding the July 12, 2013 FCE as adequate to support her conclusions. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). This matter must be remanded.

**IV. Conclusion**

Because the ALJ's opinion is not based on substantial evidence, the Court must reverse and remand for proceedings consistent with this opinion. At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff. Plaintiff's Motion for Summary Judgment [dkt. 12] is granted.

Entered: 5/15/2018

_____
U.S. Magistrate Judge, Susan E. Cox